## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| $151,084.93 FROM TRUIST BANK | : | CIVIL ACTION NO. 23-CV |
| ACCT. NO. XXXXXXXX8135 IN | : | |
| THE NAME OF KAMRYN HAMPTON, | : | |
| DBA HAMPTON & CO. | : | |

### VERIFIED COMPLAINT FOR FORFEITURE IN REM

NOW INTO COURT COMES Plaintiff, United States of America, by and through undersigned counsel, who alleges the following:

### NATURE OF THE ACTION

1. This is a civil forfeiture action brought against $151,084.93 formerly in Truist Bank Account No. XXXXXXXX8135 in the name of Kamryn Hampton, DBA Hampton & Co., which funds were involved in violations of wire fraud (18 U.S.C. § 1343) and, thus, are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), and which funds were involved in violations of money laundering (18 U.S.C. § 1957) and, thus, are subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

### THE DEFENDANT IN REM

2. The defendant property consists of the following:

$151,084.93 formerly in Truist Bank Account No. XXXXXXXX8135 in the name of Kamryn Hampton, DBA Hampton & Co., seized on or about November 18, 2022 (the "defendant property").

### JURISDICTION AND VENUE

3. The United States brings this action in rem in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over this action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has in rem jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the United States will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(b) & (c).

5. Venue is proper in this district, pursuant to 28 U.S.C. § 1355(b)(1)(A), because acts or omissions giving rise to the forfeiture occurred in this district.

## **BASIS FOR FORFEITURE**

6. The defendant property is subject to forfeiture because it represents any property, real or personal, which constitutes or is derived from proceeds traceable to violations of wire fraud (18 U.S.C. § 1343) and to violations of engaging in monetary transactions in property derived from specified unlawful activity (18 U.S.C. § 1957) and, thus, is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C). The defendant property is also subject to forfeiture because it represents any property, real or personal, involved in a transaction or attempted transaction involving an unlawful monetary transaction (18 U.S.C. § 1957) and, thus, is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

## **FACTS**

7. A Business Email Compromise ("BEC") scheme involves criminals sending an email message that appears to come from a known source making a legitimate request, such as when a vendor sends an invoice with an updated mailing address or account information to a company which the vendor regularly engages in business. A BEC is also known as an email account compromise ("EAC").

8. Koura Global is a chemical plant located in St. Gabriel, Louisiana, which is located in the Middle District of Louisiana. Koura Global recently changed its company name from

Mexichem Fluor. Koura Global conducted business with Controlled Maintenance, Inc. ("CMI"), a company located in Gonzales, Louisiana, which is located in the Middle District of Louisiana.

9. Royal Truck and Trailer Sales, Inc. ("RTTS") is a company located in Wixom, Michigan, and is a large supplier of new and used trailers, and of heavy truck and trailer parts and accessories. RTTS conducted business with Longshot Farms, LLC ("LFL").

10. On or around June 20, 2022, Koura Global/Mexichem Fluor ("Koura Global") received a valid invoice from CMI for $141,240.00 for services rendered. On approximately June 23, 2022, Koura Global received an email that appeared to be from CMI, concerning an update to the ACH details for receiving all future payments. Koura Global asked CMI to send the required documents via email to process the payment change, which included a bank form and bank verification, namely a voided check. Koura Global received the requested documentation on or about July 8, 2022. The Koura Global accounting department processed the new bank information and, on July 20, 2022, wired a payment of $141,240.00 to Truist Bank Account No. XXXXXXXXX8135 in the name of Kamryn Hampton, DBA Hampton & Co. (the "SUBJECT ACCOUNT"), an account Koura Global believed to be owned and controlled by CMI.

11. On approximately September 1, 2022, CMI contacted Koura Global to inquire about the non-payment of the invoice for $141,240.00. Koura Global and CMI subsequently discovered that an email address belonging to CMI had been compromised by an unknown subject. The email address used by the unknown hacking subject mirrored an actual operating email account belonging to CMI.

12. A third-party contractor performed a security audit and discovered that the CMI email address controlled by the unknown subject had a different server location from the original, legitimate CMI email address. The email address controlled by the unknown subject had a server

3

location in Europe whereas the actual, legitimate email address, which CMI routinely used for correspondence, had a server located in North America.

13. Koura Global intended to pay the $141,240.00 to CMI and not to any other person or entity. Had Koura Global known that the SUBJECT ACCOUNT was not owned or controlled by CMI, Koura Global would not have authorized the payment. As a result of this BEC scheme, Koura Global lost $141,240.00.

14. Meanwhile, in approximately July 2022, an email account belonging to LFL was compromised. RTTS received new account and wire instruction information from what they believed was LFL. Based on these new wire instructions, RTTS wired $39,524.10 to the SUBJECT ACCOUNT, which they believed was the confirmed, legitimate LFL bank account. LFL subsequently discovered that both the phone numbers for Truist Bank and LFL listed on the supposedly confirmed wire instructions were not the phone numbers for Truist Bank and LFL.

15. RTTS intended to pay this $39,524.10 to LFL and not to any other person or entity. Had RTTS known that the SUBJECT ACCOUNT was not owned or controlled by LFL, RTTS would not have authorized the payment. As a result of this BEC scheme, RTTS lost $39,524.10.

16. The payments of both the $141,240.00 from Koura Global and the $39,524.10 from RTTS were deposited into the SUBJECT ACCOUNT on July 20, 2022. The total combined losses experienced by both victims, Koura Global and RTTS, was approximately $180,764.10. On July 19, 2022, prior to the two deposits totaling $180,764.10, the balance in the SUBJECT ACCOUNT was approximately $50.83.

17. The SUBJECT ACCOUNT was opened in April 2022. Kamryn Hampton was the only authorized signer on this account.

18. On or about July 21, 2022, Hampton attempted to transfer $70,000 out of the SUBJECT ACCOUNT to payee Noble Tech Enterprise. On or about July 22, 2022, Hampton attempted to transfer $60,000 out of the SUBJECT ACCOUNT to payee Noble Tech Enterprise.

19. Pursuant to a seizure warrant signed on November 18, 2022, by Magistrate Judge Richard L. Bourgeois, Jr., in the Middle District of Louisiana, a total of $151,084.93 was seized from the SUBJECT ACCOUNT.

WHEREFORE, the plaintiff requests that the Court issue a warrant and summons for the arrest and seizure of the defendant property; that notice of this action be given to all persons known or thought to have an interest in or right against the defendant property; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and that the Court award the plaintiff such other and further relief as this Court deems proper and just.

UNITED STATES OF AMERICA, by

RONALD C. GATHE, JR.
UNITED STATES ATTORNEY

/s/ J. Brady Casey
J. Brady Casey, LBN 24338
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
E-mail: john.casey@usdoj.gov